# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARLENE M. BRUNETT,

           Plaintiff,

v.

VITAL RECOVERY SERVICES LLC,

           Defendant.

Case No. 18-CV-399-JPS

**ORDER**

### 1. INTRODUCTION

Plaintiff filed this class action on March 13, 2018. (Docket #1). She sues Defendant for sending her, and members of the putative class, allegedly misleading debt collection letters. Plaintiff brings claims under various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Defendant moved to dismiss Plaintiff's Complaint on May 7, 2018. (Docket #18). That motion is now fully briefed. (Response, Docket #22; Reply, Docket #23). For the reasons stated below, the motion must be granted.

### 2. STANDARD OF REVIEW

Defendant has moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). That Rule provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). In reviewing Plaintiff's Complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in [her] favor[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citation omitted). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak*, 810 F.3d at 480 (quotation omitted).

In addition to the FRCP 12(b)(6) standard of review, the Seventh Circuit has provided further direction in evaluating the viability of FDCPA claims. Such claims are assessed from the perspective of the "unsophisticated consumer." An unsophisticated consumer "may be uninformed, naïve, [and] trusting, but is not a dimwit, has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and inferences[.]" *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (citations and quotations omitted). Although unsophisticated consumers "may tend to read collection letters literally, [they] do[] not interpret them in a bizarre or idiosyncratic fashion." *Gruber v. Creditors' Protection Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (citations and quotations omitted). In the case of letter-based FDCPA violations, the court considers whether the subject letter is "confusing to a significant fraction of the population." *Id.* (quotation omitted).

To prove a claim that language in a collection letter is misleading or deceptive, the Court of Appeals has established three categories of cases:

> The first category includes cases in which the challenged language is "plainly and clearly not misleading." No extrinsic evidence is needed to show that the debt collector ought to prevail in such cases. *Lox*[, 689 F.3d at 822]. The second *Lox* category "includes debt collection language that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer." *Id.* In such

cases, "plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Id.*, quoting *Ruth* [*v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009)]. The third category is cases in which the challenged language is "plainly deceptive or misleading," such that no extrinsic evidence is required for the plaintiff to prevail. *Id.*

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 322–23 (7th Cir. 2016). Defendant seeks dismissal of each of Plaintiff's claims, asserting that they fall into the first category. The Seventh Circuit "ha[s] cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (quotation omitted).

**3.    RELEVANT FACTS**

Accepting the truth of Plaintiff's well-pleaded allegations and drawing all reasonable inferences in her favor, the relevant facts are as follows. Plaintiff allegedly owed a debt to Comenity Bank ("Comenity"). (Docket #1-1 at 2). The debt was later purchased by Crown Asset Management ("Crown") and apparently assigned to Defendant for collection. (Docket #1 at 1). Defendant sent Plaintiff a letter attempting to collect that debt on April 17, 2017 (the "Letter"). (Docket #1-1 at 2).[1] The Letter appears as follows:

---

[1] Plaintiff has attached a copy of the Letter as an exhibit to her Complaint. The Court can therefore consider it as part of its decision on the motion to dismiss without converting the motion into one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).





*Id.*

### 4. ANALYSIS

Plaintiff brings her FDCPA claims in two counts.[2] Count One is asserted pursuant to 15 U.S.C. § 1692e, which prohibits the use of false or misleading representations in the collection of a debt. 15 U.S.C. § 1692e.

---

[2]The class claims are stated in Counts Three and Four. (Docket #1 at 7–13). The Court need not address them in this Order. They are simply offshoots of the individual claims presented in Counts One and Two. *Id.* Thus, if the first two counts are dismissed, the latter two cannot survive. In any event, Defendant makes no independent argument for dismissal of the class claims. *See generally* (Docket #19).

Plaintiff contends that four aspects of the Letter are deceptively worded. First, "we" is repeatedly used but left undefined. (Docket #1 at 3–4). According to Plaintiff, it is not clear whether "we" refers to Comenity, Crown, or Defendant itself. *Id.* Second, the Letter states that if she pays the settlement amount, the debt will be considered "resolved in full." *Id.* at 4–5. Plaintiff says that the Letter fails to explain whether Defendant is authorized by Crown to accept the settlement as a resolution "in full." *Id.* Third, and relatedly, Plaintiff maintains that even if Defendant could accept the settlement as satisfaction of the debt, a credit reporting agency would not recognize the payment as such. *Id.* at 5. She claims that Defendant makes a promise it cannot keep—that payment of the settlement will indeed resolve the debt. *Id.* Finally, the Letter does not explain whether payment of the settlement amount will stop collection efforts from the current or any future creditors. *Id.* at 5–6. In Plaintiff's view, this is important because of the danger that "an unscrupulous collector or creditor obtains the debt after partial payment has been made" and seeks additional payments notwithstanding the settlement. *Id.*

Count Two is brought pursuant to 15 U.S.C. § 1692f, which forbids unfair or unconscionable collective activity. 15 U.S.C. § 1692f. Plaintiff does not tie any specific aspect of the Letter to Section 1692f, which is generally viewed as the FDCPA's catch-all provision. (Docket #1 at 4); *Todd v. Collecto, Inc.*, 731 F.3d 734, 739 (7th Cir. 2013) ("Section 1692f's catch-all prohibition on unfairness is as vague as they come.") (quotation omitted). She simply states that the Letter violated Section 1692f "because the above described language, as detailed in Count [One], constitutes unfair means to attempt to collect the debt at issue." (Docket #1 at 7).

Defendant argues that each aspect of Count One is plainly not misleading, and so the entire claim should be dismissed. The Court will address each issue in turn, beginning with Defendant's use of the pronoun "we." Defendant chides Plaintiff for alleging that "we" is confusing when she herself clearly knows that it refers to Defendant. Further, the text of the Letter makes it plain that "we" refers to Defendant as the sender of the Letter. For example, the Letter states that "we are offering you the opportunity to resolve the [Crown] account," "[w]e will inform the creditor that your account has been resolved," and "[c]all us to discuss our offer[;] [w]e want to consider other payment plans together with you." (Docket #1-1 at 2). "We" is thus solidly connected to Defendant and differentiated from Plaintiff's current and former creditors.

Plaintiff's counterargument, confusingly located in the introduction to her brief, is that the Letter would be clearer if Defendant said "we" referred to "Vital Recovery Solutions," despite the fact that Defendant's name is Vital Recovery *Services*.[3] (Docket #22 at 2). Certainly this would have alleviated Plaintiff's purported misunderstanding, but satisfying a particular consumer's desired level of clarity is not what the FDCPA mandates. Rather, Defendant complies with the statute so long as the Letter is not misleading to an unsophisticated, but not stupid, consumer. No such consumer, reading the entire Letter, would be confused or misled as to who "we" is.

---

[3]These are not Plaintiff's only drafting issues. Plaintiff defends her claims in just four pages of argument, citing exclusively to *Janetos*. (Docket #22 at 3-7). Her brief is also littered with distracting typographical errors. Additional proofreading and more thorough legal analysis would have helped the Court better understand and appreciate Plaintiff's positions.

Plaintiff's next concern is with the "resolved in full" statement. She maintains that Defendant's offer to tell the creditor that the account has been resolved in full is a lie. In her view, paying the settlement amount offered will not count as paying the debt in full. In her complaint, Plaintiff offers two reasons why this is problematic. First, the Letter does not state that Defendant is authorized to make such an offer on Crown's behalf. What requires Defendant to do so? On the face of the letter, it is apparent that Defendant is collecting a debt for Crown. It is implied that Defendant acts with Crown's authorization. Indeed, under Plaintiff's theory, Defendant could not stop with a mere statement of authorization in the Letter; that might be a contrivance. Rather, to comport with Plaintiff's view of Section 1692e, Defendant would be required to provide the contract between it and Crown outlining Defendant's authority to collect the subject debt. Such an absurd result is untethered from any deceptive statement in the Letter. As with the "we" issue, it is formed entirely by Plaintiff's idiosyncratic desire for additional clarity.

Plaintiff attempts to ground her position in *Janetos*, but to no avail. There, the Seventh Circuit ruled that a collector violated 15 U.S.C. § 1692g(a)(2), which mandates that collection letters state the name of the current creditor. *Janetos*, 825 F.3d at 321. The letters in question identified an assignee and indicated that the debts had been transferred, but failed to state in plain English who the current creditor was. *Id.* at 321–23. *Janetos* observed that failing to disclose the current creditor opened the door to fraud. *Id.* at 324. An unscrupulous collector could review publicly available records and find out that a debt was owed. *Id.* It would then send the debtor a letter demanding payment, without noting to whom the debt was owed. *Id.* The debtor would therefore be unable to check with the creditor to

confirm that the collector was authorized to accept payment. *Id.* at 325. If the debtor paid the collector, the fraud would be complete, and the actual debt would remain unsatisfied. *Id.*

*Janetos* has no bearing on Plaintiff's claims. The court noted that a materiality requirement has been inferred into the broad, unspecific language of Section 1692e. *Id.* at 324. No such requirement is necessary for Section 1692g, as its mandates are precise as to what information must be included in a collection letter. *Id.* Plaintiff's alleged violation is immaterial, inasmuch as it asks for exacting specificity beyond what Section 1692e commands. More importantly, Plaintiff reads too much into *Janetos*' concern about fraud, which arises when the current creditor is not identified. *Janetos* does not apply to any and all plain statements in a collection letter which, by some stretch of the imagination, could be misleading or untruthful. She fails to allege that the Letter fraudulently represents Defendant's settlement authority. Plaintiff's allegations thus fall short of stating a Section 1692e violation.

Plaintiff's other, related concern with the "resolved in full" language is that credit reporting agencies will not recognize a settlement payment as payment in full. Defendant asserts that the Letter is silent on credit reporting and that Plaintiff does not allege that her debt is being reported. Plaintiff does not cogently respond to this argument. (Docket #22 at 5–6). In any event, the Court agrees with Defendant for the same reasons stated previously. The Letter contains no overtly misleading statement. It says in clear terms that Defendant will tell the creditor that her debt was "resolved in full" and send her a notice to that effect.

Plaintiff does not allege that Defendant will not do these things, only that her debt will not be "resolved in full" in the eyes of third parties.

Plaintiff's implication of deception goes beyond what Section 1692e proscribes. Without a hint of credit reporting arising from the language of the Letter itself, or from a factual allegation by Plaintiff, the "resolved in full" language is plainly not misleading. As before, Plaintiff also suggests an issue with *Janetos*-type fraud, but as noted above, that concern cannot be used as a freestanding ground to support any conceivable FDCPA claim.

The final claim, that it is unclear whether payment will stop future collection activity, fails for all of the reasons discussed above. This claim more than any other rests on *Janetos*' fraud analysis while ignoring the Letter's actual language. The Letter informs Plaintiff that her account will be resolved if she pays the settlement figure, and she will receive written confirmation of that fact. None of these statements are alleged to be false. Defendant cannot be held liable because someone else may, at some unspecified time, unearth a record of Plaintiff's debt and fraudulently seek to collect it. If *Janetos* were extended as Plaintiff desires, debt collectors would face Section 1692e liability for every letter they sent. There is no statement or promise that could be made in a collection letter that would alleviate Plaintiff's fear about being swindled in the distant future. In light of the foregoing, each of Plaintiff's Section 1692e theories must be dismissed.[4]

Count Two also fails. Courts in this Circuit and elsewhere hold that Section 1692f cannot be used to address alleged collection misconduct which forms the basis of a plaintiff's other claims. *See Riel v. Immediate Credit*

---

[4] Plaintiff contends that Defendant injected factual arguments into its brief with assertions in a number of footnotes. *See* (Docket #19 at 6 n.3, 7 n.4, 9 n.5); (Docket #22 at 3–4). Even assuming Plaintiff is correct, the Court did not rely on those assertions to find that her Section 1692e claims lack merit.

*Recovery Inc.*, No. 17-CV-440-JPS, 2018 WL 502659, at *2 n.3 (E.D. Wis. Jan. 22, 2018); *Rivera*, 2017 WL 3075085, at *4. In its opening brief, Defendant asserted that Count Two was impermissibly duplicative of Count One. (Docket #19 at 9–10). Plaintiff did not offer a meaningful response. *See generally* (Docket #22 at 3–7). Nor could she, as Count Two is expressly pleaded in reliance on the allegations of Count One. (Docket #1 at 6–7). Accordingly, the Court must agree with Defendant that Plaintiff's Section 1692f claim lacks a factual basis independent from her Section 1692e claim. Count Two will therefore be dismissed.

**5.      CONCLUSION**

The Letter is plainly not deceptive or misleading, and so Defendant's motion to dismiss must be granted. *Janetos*, 825 F.3d at 322–23. Generally, after granting a motion to dismiss, courts should allow a plaintiff leave to amend her complaint to correct its deficiencies prior to dismissing an entire action. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & N.W. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). Leave need not be given, however, if the defects are clearly uncorrectable, and thus amendment would be futile. *Id.* at 520. Amendment would indeed be futile here; Plaintiff cannot change the language of the Letter. Further, she did not ask for leave to replead and the Court will not allow amendment without such a request. *See* (Docket #22); *James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396, 400–01 (7th Cir. 2006). This action will, therefore, be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Docket #18) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge